UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

HDI GLOBAL INSURANCE COMPANY

    Plaintiff,

vs.

AMERIJET INTERNATIONAL INC., and
KUEHNE + NAGEL, INC.

    Defendants.

_____/

## **COMPLAINT**

COMES NOW the Plaintiff HDI Global Insurance Company, by and through its undersigned counsel and for its Complaint sues the Defendants, Amerijet International, Inc. and Kuehne + Nagel, Inc., and as grounds therefor alleges the following:

## **JURISDICTION**

1. This action arises from loss or damage to a shipment of pharmaceuticals (the "Cargo") transported from Puerto Rico to the United States in July 2022.

2. This Honorable Court has jurisdiction pursuant to 28 USC § 1332, in plaintiff and defendants and citizens of different states and the amount in controversy exceeds $75,000 exclusive of interests and costs.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) insofar as Defendants operate in this District and are subject to the personal jurisdiction of this Honorable Court.

## PARTIES

4. At all times relevant hereto, Plaintiff HDI Global Insurance Company ("HDI Global") was and now is a corporation organized and existing by virtue of Illinois law, with an office and place of business at 161 North Clark Street, 48th floor, Chicago, Illinois 60601. Pursuant to a policy of insurance, HDI Global paid its insured, Bayer Haelthcare LLC for loss of and/or damage to the subject shipment and has become subrogated to the rights of its Insured, whatever those rights may be.

5. At all times relevant hereto, Defendant Amerijet International, Inc. ("Amerijet") was and now is a corporation organized and existing by virtue of Florida law, with offices and places of business at NW 36th Street, Miam, Florida 33166 and was and now is engaged in business as a common air carrier of goods for hire and issuing air waybills for the international carriage of goods aboard aircraft.

6. At all times relevant hereto, Defendant Kuehne + Nagel, Inc. was and now is a corporation organized and existing by virtue of New York law, with an office and principal place of business at 7505 NW Tiffany Springs Parkway, Suite 305, Kansas City, MO 64153 was and now is engaged in business as a common air carrier of goods for hire and issuing air waybills for the international carriage of goods aboard aircraft.

## **THE CLAIM**

7. At any material times relevant hereto, the carriage instructions to which Defendants agreed, stated that the cargo must be carried between a temperature of +15°C and +25°C and "DO NOT FREEZE".

8. On or about July 22, 2020, the Cargo was tendered to Defendants in good order and condition, within the temperature range of +15°C and +25°C and suitable in every respect for the intended transportation, which Defendants received, accepted, and agreed to transport by air carriage for certain consideration from Puerto Rico to the United States using specialized care and services designed to lessen the risk of harm to the Cargo, as more fully described in air waybill no. 810-88850941.

9. Despite the agreement to maintain a carriage temperature between +15°C and +25°C and not to freeze for the duration of the transit and handling of the Cargo, the Cargo experienced a prolonged decrease in temperature and froze during transit while in the care, custody, and control of Defendants prior to arrival and delivery. Therefore, Defendants failed to deliver the Cargo at destination in the same good order and condition as it was received

10. As a result, the Cargo was physically damaged and impaired in value by the temperature deviations sustained during air carriage.

11. By reason of the premises, Defendants breached their statutory, common-law, and contractual duties and obligations as carriers and/or bailees of the Cargo, including but not limited to breaching the contracts of carriage and their

warranties with respect to their controlled-temperature services; and were otherwise at fault.

13. Plaintiff HDI Global and its subrogor have duly performed all duties, obligations, and conditions precedent to be performed on their part.

13. HDI bring this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the Cargo, as their respective interests may ultimately appear, and HDI is entitled to maintain this action.

14. HDI has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the amount of $241,947.

**WHEREFORE**, the Plaintiff prays:

(i) that process in due form of law according to the practice of this Court may issue against Defendants, citing them to appear and answer the foregoing;

(ii) that a judgment may be entered in the favor of HDI against Defendants, jointly and severally, in the amount of $241,947, together with costs, interest, and reasonable attorney's fees; and

(iii) for such other and further relief as this Court may deem just and proper under the circumstances.

| | |
|---|---|
| Miami, Florida<br>July 19, 2022 | **MICHAEL C. BLACK, P.A.**<br>Dadeland Square at the Greenery Mall<br>7700 N. Kendall Drive, Suite 305<br>Miami, Florida 33156<br>Telephone:  (305) 271-8201<br>Facsimile:   (305) 271-8302<br>*Attorneys for Plaintiffs*<br><br>By: *S/Michael C. Black*<br>**Michael C. Black, Esquire**<br>Florida Bar No.  0056162<br>mblack@marlaw.com |